IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA AB, <br> AKTIEBOLAGET HÄSSLE, <br> KBI-E, INC., KBI INC., and <br> ASTRAZENECA LP, <br>       Plaintiffs, <br><br>    v. <br><br> DEXCEL LTD., DEXXON LTD., <br> DEXCEL PHARMA TECHNOLOGIES <br> LTD., and DEXCEL PHARMA <br> TECHNOLOGIES, <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   C.A. No. 06-358 (SLR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
EXTEND TIME TO ANSWER, MOVE OR OTHERWISE RESPOND**

    Plaintiffs AstraZeneca AB, Aktiebolaget Hassle, KBI-E, Inc. KBI Inc. and AstraZeneca LP (collectively "AstraZeneca") advised defendants Dexcel Ltd., Dexxon Ltd., Dexcel Pharma Technologies Ltd. and Dexcel Pharma Technologies (collectively "Dexcel") that they would agree to Dexcel's request for an extension, provided that Dexcel in turn would agree not to use the delay associated with such an extension to gain an unfair advantage in the co-pending Virginia action. Because Dexcel would not provide that assurance, AstraZeneca had no choice but to oppose Dexcel's request. As grounds for its response, AstraZeneca states as follows:

    1. AstraZeneca filed this action on May 30, 2006 seeking relief pursuant to 35 U.S.C. §271, as amended by the Drug Price Competition and Patent Term Restoration Act of 1984 ("Hatch-Waxman"). (D.I. 1). Three of the plaintiffs are Delaware corporations, two of which also have their principal place of business in Delaware. The remaining two plaintiffs are corporations organized under the laws of Sweden.

2. On information and belief, Defendants are, with one exception (Dexcel Pharma Technologies), all Israeli entities, having their headquarters and principal place of business in Israel. Again on information and belief, Defendant Dexcel Pharma Technologies acts as an agent for one of the Israeli defendants and is a U.S. entity having its principal place of business in Norfolk, Virginia. Defendants assert in their motion that Dexcel Pharma Technologies is not itself a legal entity with the capacity to be sued but is "a name sometimes used" by defendant Dexcel Pharma Technologies, Ltd. ("DPT, Ltd."), an Israeli entity. Defendants further assert that DPT, Ltd. lacks minimum contacts with Delaware. (D.I. 13 at 2)

3. On information and belief, Defendants do business in the United States, including in Delaware, by selling certain products in Delaware, but do not maintain a place of business in Delaware. DPT, Ltd. appears to have only recently established a place of business in Virginia for the purpose of manipulating jurisdiction in the United States Federal Courts by providing a basis on which DPT, Ltd. may argue that it can be sued in the United States only in Virginia, where it hopes to take advantage of the "rocket docket."

4. Defendants have certified, pursuant to 21 U.S.C. §355(b)(2)(A)(iv), that a generic omeprazole formulation for which they seek marketing approval from the United States Food & Drug Administration ("FDA"), will not infringe any valid claims of Plaintiffs' patents ("a Paragraph IV certification"). Under the Hatch-Waxman Act, such a certification constitutes an act of patent infringement. The FDA will stay approval of a drug that is the subject of a Paragraph IV certification for 30 months to allow resolution of a patent dispute, but only if the affected patent holder files a lawsuit within 45 days of receiving the Paragraph IV certification. See 21 U.S.C. §355(c)(3)(C).

5. Plaintiffs chose to file suit in this jurisdiction because of their connection to this jurisdiction and because this District is a more convenient jurisdiction in which to conduct this litigation than is Virginia.  Plaintiffs believe that Defendants have minimum contacts with Delaware and that personal jurisdiction and venue are proper in this District.  Plaintiffs also filed a parallel suit in the United States District Court for the Eastern District of Virginia on May 31, 2006, however, in anticipation of Defendants' argument that jurisdiction and venue in this District are not proper, and in further anticipation of an argument by Defendants that this lawsuit would not trigger the provisions of 21 U.S.C. §355(c)(3)(C) and thus is insufficient for the FDA to maintain its stay of its approval of Defendants' generic omeprazole formulation pending resolution of the parties' patent dispute.

6. On June 5, 2006, Plaintiffs filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer both actions to the U.S. District Court for the Southern District of New York, for consolidation with related cases pending before that court as part of the pre-existing MDL No. 1291, *In re Omeprazole Patent Litigation*.  The New York court has managed the discovery of 22 previous cases involving two of the patents-in-suit in this litigation and conducted two trials involving these patents.  The New York court would also provide a more convenient venue for litigation of this case than would Virginia.

7. Although Plaintiffs expect that the action ultimately will be transferred and consolidated with other similar cases in the Southern District of New York, because the JPML meets only intermittently an order to this effect is unlikely to issue for several months.  To avoid unnecessary delay in the interim, Plaintiffs asked this Court to proceed promptly to convene a Rule 16 conference to allow the parties to make early progress in this litigation before the New

York court assumes responsibility for pre-trial preparation.  The Court has now set a Scheduling Conference for August 1, 2006.  (D.I. 11).

        8.  Counsel for Plaintiffs advised defendants' counsel that plaintiffs would agree to the requested extension, provided that Defendants would agree not to use the delay necessitated thereby to argue either in this Court, or in the Virginia court, that the litigation should instead proceed in Virginia.  In other words, Plaintiffs were willing to accommodate Defendants' request if Defendants agreed not to use such an accommodation to further their apparent scheme to maneuver this case to the Virginia court.  Defendants were not willing to so agree and therefore, to avoid delay in the pre-trial proceedings in this Court, Plaintiffs oppose the requested 30-day extension.

    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Karen Jacobs Louden*

_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899
(302) 658-9200
Attorneys for plaintiffs AstraZeneca AB, Aktiebolaget Hässle, KBI-E, Inc., KBI Inc. and AstraZeneca LP

OF COUNSEL:

Errol B. Taylor
Robert J. Koch
Jay I. Alexander
Enrique D. Longton
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street NW
Washington, DC  20006
(202) 835-7500

June 20, 2006
525616

4

CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to Richard D. Kirk.

I further certify that true and correct copies of the foregoing were caused to be served on June 20, 2006 upon the following individuals in the manner indicated:

**By Hand**

Richard D. Kirk
Ashley B. Stitzer
Ashby & Geddes
222 Delaware Ave., Ste. 900
P.O. Box 25130
Wilmington, DE  19899


/s/   Karen Jacobs Louden
Karen Jacobs Louden
klouden@mnat.com (#2881)