# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

July 28, 2006

<u>BY E-FILING</u>

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

    Re: <u>AstraZeneca AB, et. al v. Dexcel, Ltd. et. al, C.A. No. 06-358 (SLR)</u>

Dear Chief Judge Robinson:

    Attached is a form of Scheduling Order for discussion during the telephone conference on Tuesday, August 1 at 9:00 a.m. The parties' differences are indicated in the Order.

    Respectfully,

    */s/ Jack B. Blumenfeld*

    Jack B. Blumenfeld (#1014)

Enclosure

cc:   Peter T. Dalleo, Clerk (By hand w/encl.)
      Richard D. Kirk, Esq. (By hand/w/encl.)
      David Airan, Esq. (By email w/encl.)
      Robert Koch, Esquire (By email w/encl.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, KBI-E, INC., KBI, INC. and ASTRAZENECA LP,<br><br>    Plaintiffs,<br><br>v.<br><br>DEXCEL LTD., DEXXON LTD., DEXCEL PHARMA TECHNOLOGIES LTD. and DEXCEL PHARMA TECHNOLOGIES,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-358 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

At Wilmington this ____ day of _____ 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by August 3, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

  (a) Discovery will be needed on the following subjects:

    (i) Infringement of the '505 and '230 patents;

    (ii) Validity and infringement of the '380 patent;

    (iii) Personal and subject matter jurisdiction over the Defendants;

    (iv) The relative convenience of proceeding in Delaware or Virginia.

  (b) The Parties agree to conduct Electronic Discovery on a consensual basis as reflected by stipulated agreement to be filed with the Court by August 15, 2006, or,

if agreement cannot be reached, by exchange of the information identified in section 2 of the "Default Standard for Discovery of Electronic Documents" currently observed by this Court.

(c) All fact discovery shall be commenced in time to be completed by:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| August 17, 2007. | December 1, 2006. |

(1) Discovery relating to Defendants' Motion to Transfer or Dismiss shall be completed on or before:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| October 31, 2006. | September 29, 2006. |
| During this discovery period, discovery shall be permitted on subjects relevant to Defendants' Motion to Transfer or Dismiss only. | Defendants object to phased discovery. There is no reason to delay discovery on the merits of Plaintiffs' claim against Defendants. |
| Plaintiffs' opposition to Defendants' Motion to Transfer or Dismiss shall be due 10 days after the close of the discovery period set forth herein. Defendants may reply within 7 days of service of Plaintiffs' opposition. | Defendants object to a briefing schedule that would delay for several months a resolution of their motion, particularly in view of the parallel action brought by the Plaintiffs and pending in the Eastern District of Virginia. |

(2) Document production shall be completed on or before:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| February 23, 2007. | September 29, 2006. |

(3) Maximum interrogatories by each party to any other party:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| 40. This limit shall not include the number of interrogatories used in connection with discovery on the jurisdictional and transfer issues. | 25. |

(4) **[Provision regarding duplication of discovery: The parties' respective proposals are set forth at the end of this document]**

(5) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(6) Maximum number of requests for admission by each party to any other party.

| PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|
| 50. This limit shall not include the number of requests for admission used in connection with discovery on the jurisdictional and transfer issues. | 25. |

(7) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) relating to document production issues or noticed in connection with jurisdictional or transfer discovery) shall be scheduled prior to the completion of document production.

(8) Maximum fact depositions.

| PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|
| 150 hours. Depositions relating to jurisdictional or transfer issues shall be limited to an additional 35 hours. | 10 per side. |
| Defendants shall not engage in questioning of witnesses that is unreasonably duplicative of questioning in prior depositions of the same witness. | Defendants do not believe that the prohibition against duplicative discovery is appropriate in this Order as discussed at the end of this document. |

3

No deposition of any single witness shall last more than 7 hours absent agreement of the parties or order of the Court.

        (d)    Expert discovery shall be commenced in time to be completed by:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| November 16, 2007. | February 15, 2007. |

        (1)    Expert reports on issues for which the parties have the burden of proof due:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| August 24, 2007. | December 15, 2006. |

Rebuttal expert reports due:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| September 14, 2007. | January 15, 2007. |

        (2)    Expert depositions to be limited to a maximum of 7 hours per expert report unless extended by agreement of the parties.

        (3)    All Daubert motions shall be filed on or before:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| December 21, 2007. | January 30, 2007. |

        (e)    Supplementations under Rule 26(e) due in accordance with the Federal Rules of Procedure.

        (f)    Discovery Disputes.

The court shall conduct in-person discovery status conferences on:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| March __, 2007 from ____ p.m. to ____ p.m., and on July __, 2007 from ____ p.m. to ____ p.m. | September __, 2006 from ____ p.m. to ____ p.m., and on January __, 2007 from ____ p.m. to ____ p.m., |

the time to be allocated equally among the parties.

(1) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(2) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) Fact Witnesses to be Called at Trial. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before:

| PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
| --- | --- |
| May 4, 2007. | November 30, 2006. |

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.   **Claim Construction Issue Identification.**

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on November 16, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below. | Defendants disagree that there is any reason to build a claim construction process into the schedule in this action. Defendants stipulate to the claim construction already of record for two of the patents-in-suit: U.S. Patent Nos. 4,786,505 ("the '505 patent"); and 4,853,230 ("the '230 patent"). And, as to the third patent, 6,150,380 ("the '380 patent"), Defendants submit that no claim construction is necessary. |

6.   **Claim Construction.**

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning. The parties shall agree upon and file the Joint Claim Construction Statement on December 21, 2007, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on January 4, 2008. Simultaneous response briefs should be filed by January 18, 2008. The hearing on the claim construction and Daubert motion(s) will be heard on February __, 2008 at _____ a.m. | Defendants submit that no claim construction is necessary as stated above. |

6

7.  **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a)  **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)  No telephone calls shall be made to chambers.

(c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

8.  **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9.  **Pretrial Conference.** A pretrial conference will be held on

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| March __, 2008 at __ a.m. | March __, 2007 at __ a.m. |

in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10.  **Trial.** This matter is scheduled for a trial commencing on

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| March __, 2008 at __ a.m.; Plaintiffs expect bench trial to last for two weeks. | March __, 2007 at __ a.m.; Defendants expect bench trial to last one week. |

in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Honorable Sue L. Robinson
Chief Judge

530846

**PARTIES' PROPOSALS REGARDING WHETHER THE COURT SHOULD ISSUE AN ORDER RESTRICTING DUPLICATIVE DISCOVERY**

    A.    **Plaintiffs' Position**

Plaintiffs propose that the following language be incorporated into this Order at Paragraph 2(c)(4):

> (4)    To avoid unnecessary duplication of effort, Defendants shall become familiar with the discovery previously produced by Plaintiffs in connection with the proceedings in In re Omeprazole Patent Litigation, MDL No. 1291, including the documents produced by Plaintiffs and the depositions taken of Plaintiffs' witnesses. Defendants shall refrain from propounding discovery to Plaintiffs that would unreasonably duplicate the discovery previously taken by other defendants in the In re Omeprazole Patent Litigation, MDL No. 1291.

This provision is appropriate in light of the fact that extensive discovery regarding two of the patents here in suit has already taken place in connection with the multidistrict litigation, including the production of over one million pages of documents and multiple depositions of the witnesses having information relevant to those patents. A similar provision was included in the Consolidated Scheduling Order issued by the Southern District of New York in 2001.

    B.    **Defendants' Position**

Plaintiffs' proposal is unnecessary for two reasons. First, Dexcel Pharma Technologies, Ltd. ("DPT Ltd."), the party that engaged in the acts alleged to infringe the patents-in-suit, intends to conduct discovery in the most efficient manner possible because it seeks the earliest possible trial date. Second, Defendants anticipate little overlap between discovery in this action and discovery undertaken in MDL-1291, In re Omeprazole Patent Litigation, because (a) the infringement issues as to two of the patents-in-suit are entirely unique in this action and have no commonality with MDL-1291; and (b) the third patent-in-suit was not at issue in the consolidated proceedings.

In addition, Plaintiffs' proposal to restrict discovery in such an ambiguous manner is an invitation to unnecessary discovery disputes. Although Defendants certainly will become intimately familiar with the record in the consolidated proceeding, Plaintiffs should not be emboldened or permitted to unilaterally deny discovery on the basis of some alleged (by Plaintiffs) overlap with discovery in MDL-1291. To the extent that Plaintiffs believe that a specific request by Defendants' is "unreasonably" duplicative, it may request a Protective Order pursuant to Fed. R. Civ. P. 26(c) that addresses that specific dispute. The burden should rest with the Plaintiffs to establish why such discovery is unreasonably duplicative, and the arbiter of the issue should be the Court, not the Plaintiffs.