# THE BAYARD FIRM

A    T    T    O    R    N    E    Y    S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

ɪɪɪ MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

ELECTRONICALLY FILED

(302) 429-4208
rkirk@bayardfirm.com

August 9, 2006

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, DE 19801

> RE:   *Astrazeneca AB, Aktiebolaget Hässle, KBI-E, Inc., KBI, Inc. and*
> *Astrazeneca LP v. Dexcel, Ltd., D    xxon, Ltd., Dexcel Pharma*
> *Technologies, Ltd. and Dexcel Pharma Technologies Ltd.*
> <u>C.A. No. 06-358-SLR</u>

Dear Judge Robinson:

I write on behalf of the Defendants in response to the letter filed by Plaintiffs' counsel on August 8, 2006 (D.I. 28) in connection with the remaining disputed items on the Scheduling Order.

<u>Close of Fact Discovery</u>

The *only* factual issue in this action for two of the asserted patents is whether Defendants' formulation of omeprazole actually falls within the scope of Plaintiffs' patent claims.[1]  Plaintiffs need only test the samples provided by Defendants as part of its Rule 26(a) disclosures to ascertain this fact.  There is no reason to extend fact discovery any longer than is necessary to resolve the actual disputes in this action.

Moreover, completion of fact discovery in this action is a more urgent matter than usual.  *Two of the patents expire in April, 2007.*  Plaintiffs have possessed the relevant documents relating to the products, including the New Drug Application, since May 2006, and must already know that there is no infringement.  Presumably, their on-going testing of Defendants products can further confirm this fact in a matter of days.  Plaintiffs ought not be permitted to delay the discovery of non-infringement until after its patents

---

[1] The claims in these patents have already been construed by the Federal Circuit, and Defendants have stipulated to such construction in this litigation.

631027v1

THE BAYARD FIRM

expire. This case calls for an early resolution of the issues, and is particularly appropriate for a rapid summary disposition, whether voluntarily by the Plaintiffs or otherwise.

Nor is there any possible prejudice to Plaintiffs to complete fact discovery by February 1, 2007. Plaintiffs, the Court will recall, sought to "expedite" this action from the earliest possible date, including from a time prior to when Defendants' counsel had even entered an appearance. (D.I. 8.) They should not be heard now to ask the Court to delay discovery. Plaintiffs also have repeatedly advised the Court of their previous experience in litigating these patents. Fact and expert discovery should thus be a simple matter for Plaintiffs. Certainly, Plaintiffs should be able to complete fact discovery within nine months of filing their own lawsuit.

As for the third patent, Defendants dispute infringement as well as validity. Defendants, however, bear the burden of establishing the latter. The alleged "compression" in the schedule thus affects Defendants more directly than Plaintiffs. Yet, Defendants remain confident that all discovery can be completed by February 1, 2007.

Defendants seek to have this case ready for trial as soon as possible. Although the Court's schedule may not provide for an earlier trial date than November 5, 2007, there is no reason that the parties should not be ready for an earlier date should the opportunity arise. Indeed, the unavailability of an earlier trial date, coupled with this Court's usual procedures of not permitting summary judgment practice, are strong justifications to transfer this action to the Eastern District of Virginia, where a trial on the merits likely would occur substantially earlier than November 5, 2007.

Expert Discovery

Defendants dispute Plaintiffs' characterization of the timing of expert discovery in their letter to the Court. The Scheduling Order only sets *deadlines* for such discovery; it does not prohibit earlier discovery. Plaintiffs have presumably already retained their experts in connection with its prior litigation and ought to be in a position to produce reports relating to the testing of the products at issue within a matter of months. Indeed, Defendants intend to commence expert discovery at the earliest reasonable date, particularly in regard to Plaintiffs' contentions of infringement after they have tested samples of the products at issue.

Identification of Claim Construction Issues

The main dispute between the parties on this topic is whether the mere *identification* of claim terms in dispute for the third patent must occur prior to the deadline for expert reports or after. Defendants believe that no construction is needed at all for this third patent, but, to the extent that Plaintiffs seek to construe a term differently than its ordinary meaning, they ought to at least identify such claim term prior to the

631027v1

THE BAYARD FIRM

exchange of opening expert reports.  Any other approach virtually insures a need for supplemental opening and possibly rebuttal reports.

       For the foregoing reasons, Defendants respectfully request the Court to adopt its version of the Scheduling Order.

       Respectfully submitted,


       Richard D. Kirk (#0922)

RDK/lmc
#32204-1
cc:    Clerk of the Court
       All counsel as shown on attached certificate

631027v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 9, 2006, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Jack B. Blumenfeld, Esq.
Karen Jacobs Louden, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801

The undersigned counsel further certifies that, on August 9, 2006, copies of the

foregoing document were sent by email and hand to the above local counsel and by email

and first class mail to the following non-registered participant:

Errol B. Taylor, Esq.
Robert J. Koch, Esq.
Jay I. Alexander, Esq.
Enrique D. Longton, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1850 K Street NW
Washington, DC 20006

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

627464v1