IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, KBI-E, INC., KBI, INC. and ASTRAZENECA LP,<br><br>      Plaintiffs,<br><br>      v.<br><br>DEXCEL LTD., DEXXON LTD., DEXCEL PHARMA TECHNOLOGIES LTD. and DEXCEL PHARMA TECHNOLOGIES,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C. A. No. 06-358 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

At Wilmington this 10th day of August 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by August 3, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

        (i) Infringement of the '505 and '230 patents;

        (ii) Validity and infringement of the '380 patent;

        (iii) Personal and subject matter jurisdiction over the Defendants;

        (iv) The relative convenience of proceeding in Delaware or Virginia.

    (b) The Parties agree to conduct Electronic Discovery on a consensual basis as reflected by stipulated agreement to be filed with the Court by August 15, 2006, or, if

agreement cannot be reached, by exchange of the information identified in section 2 of the "Default Standard for Discovery of Electronic Documents" currently observed by this Court.

(c) All fact discovery shall be commenced in time to be completed by:



**PLAINTIFFS' PROPOSAL**    **DEFENDANTS' PROPOSAL**

May 31, 2007    (April 2, 2007  su)    February 1, 2007

(1) Discovery relating to Defendants' Motion to Transfer or Dismiss shall proceed in an expeditious manner. The parties shall contact the Court on or before September 1, 2006 to provide an update as to the status of this discovery and to discuss a briefing schedule on Defendants' motion.

(2) Document production shall be completed on or before:



**PLAINTIFFS' PROPOSAL**    **DEFENDANTS' PROPOSAL**

January 15, 2007    (12/15/06  su)    December 1, 2006

(3) Maximum interrogatories by each party to any other party: 35. This limit shall not include the 12 interrogatories served by Plaintiffs in connection with discovery on jurisdictional and transfer issues. The parties reserve the right to object on all grounds to interrogatories served as to jurisdictional and transfer issues.

(4) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(5) Maximum number of requests for admission by each party to any other party: 50. This limit shall not include the requests for admission served in connection

2

with discovery on jurisdictional and transfer issues, the parties' objections to which are not waived by this Order. Plaintiffs shall not propound any additional requests for admission relating to jurisdictional and transfer issues.

    (6) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) relating to document production issues or noticed in connection with jurisdictional or transfer discovery) shall be scheduled prior to the completion of document production.

    (7) Maximum fact depositions: 110 hours. No deposition of any single witness shall last more than 7 hours absent agreement of the parties or order of the Court. However, for each depositions in which substantially all of the questions are translated by an interpreter, the deposition shall last no longer than 14 hours. If the length of any other deposition is extended because some questions are translated by an interpreter, the maximum length of the deposition shall be extended by a reasonable amount of time related to the delay caused by the interpretation. The parties shall have an additional 14 hours for depositions relating to jurisdictional or transfer issues. The parties shall confer regarding scheduling and location of all depositions.

    (d) Expert discovery shall be commenced in time to be completed by:

    **PLAINTIFFS' PROPOSAL**  **DEFENDANTS' PROPOSAL**

    ~~August 30, 2007~~ (August 1, 2007 [su]) ~~July 1, 2007~~

    (1) Expert reports on issues for which the parties have the burden of proof due:

    **PLAINTIFFS' PROPOSAL**  **DEFENDANTS' PROPOSAL**

    ~~June 21, 2007~~  (May 1, 2007 [su])

Rebuttal expert reports due:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| July 19, 2007 | ~~June 1, 2007~~ SU |

(2) Expert depositions to be limited to a maximum of 7 hours per expert report unless extended by agreement of the parties.

(3) All <u>Daubert</u> motions shall be filed on or before September 13, 2007.

(e) Supplementations under Rule 26(e) due in accordance with the Federal Rules of Procedure.

(f) Discovery Disputes.

The court shall conduct in-person discovery status conferences on:

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| ~~January 30, 2007~~ at ___ __.m. | ~~November 15, 2006~~ at ___ __.m.  December 6, 2006 @ 4:30pm  SU |

the time to be allocated equally among the parties.

(1) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(2) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) Fact Witnesses to be Called at Trial. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it

4

intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before January 5, 2007.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on

| PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|
| ~~August 30, 2007~~ | (April 16, 2007) |

the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning. The parties shall agree upon and file the Joint Claim Construction Statement on **September 6, 2007**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **September 13, 2007**. Simultaneous response briefs should be filed by **September 27, 2007**. ~~The hearing on the~~

claim construction ~~and Daubert motion(s) will be heard on~~ 5/8/10/06 at ____ __.m.

7. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

    (a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b) No telephone calls shall be made to chambers.

    (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

8. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9. **Pretrial Conference.** A pretrial conference will be held on October 25, 2007 at 4:30 p.m. in courtroom 6B, sixth floor, Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10. **Trial.** This matter is scheduled for a trial commencing on November 5, 2007 at 9:00 a.m.

| **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|
| Plaintiffs expect the bench trial to last for two weeks | Defendants expect the bench trial to last for one week |

in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

*/s/ Sue L. Robinson*
Robinson, C.J.

531904