IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA AB,<br>AKTIEBOLAGET HÄSSLE,<br>KBI-E, INC., KBI INC., and<br>ASTRAZENECA LP,<br>                        Plaintiffs,<br><br>                v.<br><br>DEXCEL LTD., DEXXON LTD.,<br>DEXCEL PHARMA TECHNOLOGIES<br>LTD., and DEXCEL PHARMA<br>TECHNOLOGIES,<br>                        Defendants. | )<br>)<br>)<br>)<br>)     C.A. No. 06-358 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND ORDER CONCERNING ELECTRONIC DISCOVERY

IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, as follows:

1. **Introduction.** The parties have cooperatively reached agreement on the conduct of e-discovery as set forth below.

2. **Discovery conference.** The parties have discussed the parameters of their anticipated e-discovery and shall exchange the following information by September 15, 2006.

    A. A list of each relevant electronic system that has been in place at all relevant times[1] and a general description of each system, including the nature, scope, character, organization, and formats employed in each system. The parties should also include other pertinent information about their electronic documents and whether those electronic documents are of limited accessibility. Electronic documents of limited accessibility may include those created or used by electronic media no longer in use,

---

[1] For instance, in a patent case, the relevant times for a patent holder may be the date the patent(s) issued or the effective filing date of each patent in suit.

maintained in redundant electronic storage media, or for which retrieval involves substantial cost.

      B.    A general description of the party's electronic documents retention policies for the systems identified above.

      C.    Provide notice of any problems reasonably anticipated to arise in connection with e-discovery.

3.    **Timing of e-discovery**.  Discovery of electronic documents shall proceed in a sequenced fashion.

      A.    After receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility electronic documents, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26(b)(2).

      B.    Electronic searches of documents identified as of limited accessibility shall not be conducted until the initial electronic document search has been completed. Requests for information expected to be found in limited accessibility documents must be narrowly focused with some basis in fact supporting the request.

      C.    On-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall not be permitted absent exceptional circumstances, where good cause and specific need have been demonstrated.

4.    **Format.**  The parties agree to the format for document production of electronic documents to be image files (e.g., PDF or TIFF).  When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, i.e., the original formatting of the document, its metadata and, where applicable, its revision history.

After initial production in image file format is complete, a party must demonstrate particularized need for production of electronic documents in their native format.

5.  **Privilege**.  Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production with thirty (30) days of such.

6.  **Costs.**  Generally, the costs of discovery shall be borne by each party.  However, the court will apportion the costs of electronic discovery upon a showing of good cause.

7.  **Discovery disputes and trial presentation.**  At this time, discovery disputes shall be resolved and trial presentations shall be conducted consistent with each individual judge's guidelines.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
   *Attorneys for Plaintiffs*

THE BAYARD FIRM

*/s/ Richard D. Kirk*

Richard D. Kirk (#922)
922 Delaware Avenue, Ste. 900
P.O. Box 25130
Wilmington, DE  19899
(302) 655-5000
   *Attorneys for Defendants*

SO ORDERED this _____ day of _____, 2006.

_____
Robinson, C.J.

532928