IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ASTRAZENECA AB, AKTIEBOLAGET
HASSLE, KBI-E INC., KBI INC., and
ASTRAZENECA LP.

        Plaintiffs,

        v.                                Civil Action No. 06-358 (SLR)

DEXCEL, LTD., DEXXON, LTD., DEXCEL
PHARMA TECHNOLOGIES LTD., and DEXCEL
PHARMA TECHNOLOGIES,

        Defendants.

## NOTICE OF SERVICE OF SUBPOENAS

      PLEASE TAKE NOTICE that copies of the attached subpoenas on Watson

Laboratories Inc. and OMNII Products of Palm Beach Inc. d/b/a OMNII Oral Pharmaceuticals

are being served on the following counsel in the manner indicated:

| **By Hand and Electronic Mail** | **By Electronic Mail** |
|---|---|
| Richard D. Kirk | David M. Airan |
| The Bayard Firm | Leydig, Voit & May |
| 222 Delaware Avenue, Suite 900 | Two Prudential Plaza |
| P.O. Box 25130 | 180 N. Stetson Avenue, Suite 4900 |
| Wilmington, DE  19899 | Chicago, IL  60601 |

           MORRIS, NICHOLS, ARSHT & TUNNELL LLP

           */s/ Karen Jacobs Louden (#2881)*
           _____
           Jack Blumenfeld (#1014)
           Karen Jacobs Louden (#2881)
           1201 N. Market Street
           PO Box 1347
           Wilmington, DE  19899
           (302) 658-9200
           *Attorneys for Plaintiffs,*
           *AstraZeneca AB, Aktiebolaget Hässle, KBI-E, Inc.,*
           *KBI Inc., and AstraZeneca LP.*

OF COUNSEL:

Errol B. Taylor
Robert J. Koch
Jay I. Alexander
Enrique D. Longton
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street, NW
Washington, DC 20006
(202) 835-7520

September 8, 2006

EXHIBIT A

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

AstraZeneca AB, Aktiebolage Hassle,
KBI-E, Inc., KBI Inc., and
AstraZeneca LP
                    Plaintiffs,
            v.
Dexcel Ltd., Dexxon Ltd.,
Dexcel Pharma Technologies Ltd.,
and Dexcel Pharma Technologies,
                    Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    06-358 (SLR)
                    District of Delaware

TO:  Watson Laboratories, Inc.
     c/o David A. Buchen, General Counsel
     311 Bonnie Circle, Corona, CA  92880

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the topics in Schedule B.

| PLACE OF DEPOSITION Milbank, Tweed, Hadley & McCloy LLP 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017 | DATE AND TIME September 29, 2006 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE Milbank, Tweed, Hadley & McCloy LLP 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017 | DATE AND TIME September 29, 2006 10:00 a.m.R |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *attorney for Plaintiffs* | DATE *Sept 8 2006* |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Robert J. Koch, 1850 K Street, N.W.,  Suite 1100, Washington, DC 20006      (202) 835-7500

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS

A.    "Dexcel Entity" means Dexcel, Ltd., Dexxon, Ltd., Dexcel Pharma Technologies, Ltd., Dexcel Pharma Technologies, and Dexcel Pharma Inc., and further includes any parent, affiliate, predecessor, successor, subsidiary or division thereof, present and former directors, agents, representatives, executives, officers, employees, attorneys or any other person acting or purporting to act on behalf of Dexcel, Ltd., Dexxon, Ltd., Dexcel Pharma Technologies, Ltd., Dexcel Pharma Technologies, or Dexcel Pharma, Inc.

B.    "Dexcel Product" means any product, manufactured good, merchandise or item for consumption that is identified as available in the United States by Dexcel's web site, www.dexcel.com (i.e. PerioChip®; Xantia®; Xantia® Professional; Diclofenac Sodium ER; ISMN ER), or any other product sold or distributed in the United States directly or indirectly by any Dexcel Entity.

## DOCUMENT REQUESTS

1.    Documents sufficient to identify each Dexcel Product, including Diclofenac Sodium Extended Release Tablets (100 mg) and Isosorbide Mononitrate Extended Release Tablets (60 mg), sold by Watson Laboratories, Inc., Watson Pharma Inc. and Watson Pharmaceuticals, Inc. in the United States.

2.      Documents sufficient to identify the sales representatives who sell the Dexcel Products identified in Topic No. 1 or who otherwise do business in Delaware or in regions that include Delaware.

3.      All documents that comprise, refer to or reflect plans, goals or forecasts for sales of Dexcel Products in Delaware or in regions that include Delaware.

4.      All licenses or other documents reflecting any authorization granted to Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. to do business in Delaware.

5.      Documents sufficient to identify the channels through which Dexcel Products are sold in the United States since such sales first began.

6.      Documents sufficient to identify the channels through which Dexcel Products are sold in Delaware or regions that include Delaware since such sales first began.

7.      Documents sufficient to identify the sales in dollars and units, by month and year, of Dexcel Products by Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. in the United States since such sales first began.

8.      Documents sufficient to identify the sales in dollars and units, by month and year, of Dexcel Products by Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. in Delaware or regions that include Delaware since such sales first began.

9.    Documents sufficient to identify all purchases by Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. in dollars and units, by month and year, of all Dexcel Products since such purchases first began.

10.    Documents sufficient to identify the ports of entry, means of shipping and places of storage of all Dexcel Products imported into the United States.

11.    Documents sufficient to identify all purchasers of Dexcel Products in Delaware or regions that include Delaware.

12.    All sales reports sent by Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. to any Dexcel Entity.

13.    All advertisements and promotional literature pertaining to Dexcel Products.

14.    All correspondence with any customer or potential customer of Dexcel Products.

15.    All correspondence with any Dexcel Entity that identifies any customer of Dexcel Products located in Delaware or a region including Delaware.

# SCHEDULE B

## DEFINITIONS

A.    "Dexcel Entity" means Dexcel, Ltd., Dexxon, Ltd., Dexcel Pharma Technologies, Ltd., Dexcel Pharma Technologies, and Dexcel Pharma Inc., and further includes any parent, affiliate, predecessor, successor, subsidiary or division thereof, present and former directors, agents, representatives, executives, officers, employees, attorneys or any other person acting or purporting to act on behalf of Dexcel, Ltd., Dexxon, Ltd., Dexcel Pharma Technologies, Ltd., Dexcel Pharma Technologies, or Dexcel Pharma, Inc.

B.    "Dexcel Product" means any product, manufactured good, merchandise or item for consumption that is identified as available in the United States by Dexcel's web site, www.dexcel.com (i.e. PerioChip®; Xantia®; Xantia® Professional; Diclofenac Sodium ER; ISMN ER), or any other product sold or distributed in the United States directly or indirectly by any Dexcel Entity.

## DEPOSITION TOPICS

1.    The identity of each Dexcel Product, including Diclofenac Sodium Extended Release Tablets (100 mg) and Isosorbide Mononitrate Extended Release Tablets (60 mg), sold by Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. in the United States.

2.    The identity of the sales representatives who sell the Dexcel Products identified in Topic No. 1 or who otherwise do business in Delaware or in regions that include Delaware.

3.    The plans, goals or forecasts for sales of Dexcel Products in Delaware or in regions that include Delaware.

4.    All licenses or other documents reflecting any authorization granted to Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. to do business in Delaware.

5.    The channels through which Dexcel Products are sold in the United States since such sales first began.

6.    The channels through which Dexcel Products are sold in Delaware or regions that include Delaware since such sales first began.

7.    The sales in dollars and units, by month and year, of Dexcel Products by Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. in the United States since such sales first began.

8.    The sales in dollars and units, by month and year, of Dexcel Products by Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. in Delaware or regions that include Delaware since such sales first began.

9.    The purchases by Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. in dollars and units, by month and year, of all Dexcel Products since such purchases first began.

10.    The ports of entry, means of shipping and places of storage of all Dexcel Products imported into the United States.

11.    The identity of all purchasers of Dexcel Products in Delaware or regions that include Delaware.

12.     The nature and identity of all sales reports sent Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. to any Dexcel Entity.

13.     The advertising and promotion of Dexcel Products insofar as known by Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc..

14.     All correspondence with any customer or potential customer of Dexcel Products.

15.     All correspondence with any Dexcel Entity that identifies any customer of Dexcel Products located in Delaware or a region including Delaware.

EXHIBIT B

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

AstraZeneca AB, Aktiebolage Hassle,
KBI-E, Inc., KBI Inc., and
AstraZeneca LP

           Plaintiffs,

        v.

Dexcel Ltd., Dexxon Ltd.,
Dexcel Pharma Technologies Ltd.,
and Dexcel Pharma Technologies,

           Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   06-358 (SLR)
               District of Delaware

TO:  OMNII Products of Palm Beach Inc. d/b/a OMNII Oral Pharmaceuticals
    c/o Charles Jackson
    1500 N. Florida Mango Rd., Ste. 1, West Palm Beach, FL 33409

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the topics in Schedule B.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Crowne Plaza, West Palm Beach, 1601 Belvedere Rd., West Palm Beach, FL 33406 (561) 689-6400 | Sept. 27, 2006 10AM |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Crowne Plaza, West Palm Beach, 1601 Belvedere Rd., West Palm Beach, FL 33406 (561) 689-6400 | Sept. 27, 2006 10AM |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ Attorney for Plaintiffs | Sept 8 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Attorney for Plaintiffs
Robert J. Koch, 1850 K St. NW, Suite 1100, Washington, DC 20006 (202) 835-7500

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 10/2002) Subpoena in a Civil Case (Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SUBPOENA SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service true and correct.

Executed on _____     _____
Date                                      Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the

place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.
(B)    If a subpoena
(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS

A.    "Dexcel Entity" means Dexcel, Ltd., Dexxon, Ltd., Dexcel Pharma Technologies, Ltd., Dexcel Pharma Technologies, and Dexcel Pharma Inc., and further includes any parent, affiliate, predecessor, successor, subsidiary or division thereof, present and former directors, agents, representatives, executives, officers, employees, attorneys or any other person acting or purporting to act on behalf of Dexcel, Ltd., Dexxon, Ltd., Dexcel Pharma Technologies, Ltd., Dexcel Pharma Technologies, or Dexcel Pharma, Inc.

B.    "Dexcel Product" means any product, manufactured good, merchandise or item for consumption that is identified as available in the United States by Dexcel's web site, www.dexcel.com (i.e. PerioChip®; Xantia®; Xantia® Professional; Diclofenac Sodium ER; ISMN ER), or any other product sold or distributed in the United States directly or indirectly by any Dexcel Entity.

## DOCUMENT REQUESTS

1.    Documents sufficient to identify each Dexcel Product, including Xantia, Xantia Professional, and PerioChip, sold by OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals in the United States.

2.    Documents sufficient to identify the sales representatives who sell the Dexcel Products identified in Topic No. 1 or who otherwise do business in Delaware or in regions that include Delaware.

3.     All documents that comprise, refer to or reflect plans, goals or forecasts for sales of Dexcel Products in Delaware or in regions that include Delaware.

4.     All licenses or other documents reflecting any authorization granted to OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals to do business in Delaware.

5.     Documents sufficient to identify the channels through which Dexcel Products are sold in the United States since such sales first began.

6.     Documents sufficient to identify the channels through which Dexcel Products are sold in Delaware or regions that include Delaware since such sales first began.

7.     Documents sufficient to identify the sales in dollars and units, by month and year, of Dexcel Products by OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals in the United States since such sales first began.

8.     Documents sufficient to identify the sales in dollars and units, by month and year, of OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals in Delaware or regions that include Delaware since such sales first began.

9.     Documents sufficient to identify all purchases by OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals in dollars and units, by month and year, of all Dexcel Products since such purchases first began.

10.    Documents sufficient to identify the ports of entry, means of shipping and places of storage of all Dexcel Products imported into the United States.

11.    Documents sufficient to identify all purchasers of Dexcel Products in Delaware or regions that include Delaware.

12.    All sales reports sent by OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals to any Dexcel Entity.

13.    All advertisements and promotional literature pertaining to Dexcel Products.

14.    All correspondence with any customer or potential customer of Dexcel Products.

15.    All correspondence with any Dexcel Entity that identifies any customer of Dexcel Products located in Delaware or a region including Delaware.

# SCHEDULE B

## DEFINITIONS

A.    "Dexcel Entity" means Dexcel, Ltd., Dexxon, Ltd., Dexcel Pharma Technologies, Ltd., Dexcel Pharma Technologies, and Dexcel Pharma Inc., and further includes any parent, affiliate, predecessor, successor, subsidiary or division thereof, present and former directors, agents, representatives, executives, officers, employees, attorneys or any other person acting or purporting to act on behalf of Dexcel, Ltd., Dexxon, Ltd., Dexcel Pharma Technologies, Ltd., Dexcel Pharma Technologies, or Dexcel Pharma, Inc.

B.    "Dexcel Product" means any product, manufactured good, merchandise or item for consumption that is identified as available in the United States by Dexcel's web site, www.dexcel.com (i.e. PerioChip®; Xantia®; Xantia® Professional; Diclofenac Sodium ER; ISMN ER), or any other product sold or distributed in the United States directly or indirectly by any Dexcel Entity.

## DEPOSITION TOPICS

1.    The identity of each Dexcel Product, including Xantia, Xantia Professional, and PerioChip, sold by OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals in the United States.

2.    The identity of the sales representatives who sell the Dexcel Products identified in Topic No. 1 or who otherwise do business in Delaware or in regions that include Delaware.

3.      The plans, goals or forecasts for sales of Dexcel Products in Delaware or in regions that include Delaware.

4.      All licenses or other documents reflecting any authorization granted to OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals to do business in Delaware.

5.      The channels through which Dexcel Products are sold in the United States since such sales first began.

6.      The channels through which Dexcel Products are sold in Delaware or regions that include Delaware since such sales first began.

7.      The sales in dollars and units, by month and year, of Dexcel Products by OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals in the United States since such sales first began.

8.      The sales in dollars and units, by month and year, of Dexcel Products by OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals in Delaware or regions that include Delaware since such sales first began.

9.      The purchases by OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals in dollars and units, by month and year, of all Dexcel Products since such purchases first began.

10.     The ports of entry, means of shipping and places of storage of all Dexcel Products imported into the United States.

11.     The identity of all purchasers of Dexcel Products in Delaware or regions that include Delaware.

12.     The nature and identity of all sales reports sent by OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals to any Dexcel Entity.

13.     The advertising and promotion of Dexcel Products insofar as known by OMNII Products of Palm Beach Inc. and OMNII Oral Pharmaceuticals.

14.     All correspondence with any customer or potential customer of Dexcel Products.

15.     All correspondence with any Dexcel Entity that identifies any customer of Dexcel Products located in Delaware or a region including Delaware.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to Richard D. Kirk.

I further certify that I caused to be served copies of the foregoing document on September 8, 2006 upon the following in the manner indicated:

### <u>BY EMAIL AND BY HAND</u>

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899

### <u>BY EMAIL ONLY</u>

David M. Airan
Leydig, Voit & May
Two Prudential Plaza
180 N. Stetson Avenue, Suite 4900
Chicago, IL  60601


*/s/ Karen Jacobs Louden (#2881)*
Karen Jacobs Louden (#2881)