# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

January 31, 2007

BY E-FILING

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    <u>AstraZeneca AB, et. al v. Dexcel, Ltd. et. al</u>, C.A. No. 06-358 (SLR)

Dear Chief Judge Robinson:

    We write to suggest an agenda for the discovery conference at 4:30 tomorrow:

    1.    Dexcel's non-compliance with the Court's order.

    On January 12, the Court ordered Dexcel to produce, by January 19, "a list [of analytical tests performed during research and development so that AstraZeneca could identify documents it wished to receive], a 30(b)(6) witness or actual documents that relate to the research and development surrounding the reformulated product being sold outside the United States." (1/12/07 Hrg Tr. at 32). Dexcel still has not complied with this Order.

    As it has explained to Dexcel, AstraZeneca believes that the design of the coating layers that will be used on the accused product (Dexcel's coated omeprazole tablets) in the United States if approved by the FDA originated before June 22, 1999, when Dexcel filed a patent application in Israel that describes a very similar coated tablet. Hence, AstraZeneca has sought information relating to the research and development project that resulted in the Israeli patent application, as well as information pertinent to the modifications of the coated tablet made between 1999 and 2006, when Dexcel filed for approval in the United States. AstraZeneca believes that at least some of those modifications are reflected in the coated tablets that Dexcel has been selling in Europe and Israel during that time.

The Honorable Sue L. Robinson
January 31, 2007
Page 2

Nevertheless, by January 19 (when AstraZeneca received Dexcel's latest production), Dexcel had not produced a single document that bears a date earlier than November 1999, even though it is certain that critical research and development activity must have occurred prior to the June 1999 filing of the Israeli patent application. Dexcel did produce approximately 1,400 pages of material on January 19, but none of those documents relate to research and development regarding the Dexcel products in the critical time period. Dexcel's counsel informed us today it had just received "additional documents" from Dexcel, but we do not know whether they are fully compliant with the Court's Order or when they will be produced. We again seek the Court's assistance in resolving this matter.

2. Plaintiffs' additional discovery issues.

3. Defendants' discovery issues.

4. Participation in the case by Cipla.

5. Entry of a Protective Order.

6. Location of Depositions.

Respectfully,

Jack B. Blumenfeld (#1014)

Enclosure

cc: Peter T. Dalleo, Clerk (By hand)
   Richard D. Kirk, Esquire (By hand)
   David Airan, Esquire (By email)
   Robert Koch, Esquire (By email)
   Edgar Haug, Esquire (By email)