IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA AB,<br>AKTIEBOLAGET HÄSSLE,<br>KBI-E INC., KBI INC., and<br>ASTRAZENECA LP,<br><br>                Plaintiffs,<br><br>     v.<br><br>DEXCEL, LTD., DEXXON, LTD.,<br>DEXCEL PHARMA TECHNOLOGIES<br>LTD., and CIPLA, LTD.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 06-358 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiffs hereby move for entry of a protective order for the protection of confidential information, in the form of Exhibit A hereto. The parties agree on the form of protective order with one exception, relating to whether two KBI lawyer representatives can have access to confidential information. The parties' differences can be briefly summarized as follows.

The named plaintiffs in this case comprise two Swedish corporations: AstraZeneca AB and Aktiebolaget Hässle; a United States limited partnership: AstraZeneca LP; and two Delaware corporations: KBI, Inc. and KBI-E, Inc. The first three named plaintiffs essentially comprise the Swedish and United States arms of AstraZeneca. The two KBI entities are owned jointly by AstraZeneca and Merck & Co. ("Merck"). The KBI entities have certain license rights under the patents-in-suit.

The plaintiffs wish to designate two in-house lawyers who represent KBI, Inc. and KBI-E, Inc. to have access to the defendants' confidential information under the protective order for purposes of enabling the rendering of advice to, and consultation with, the KBI plaintiffs.

The defendants have objected to the designation of these individuals under the protective order because they are employed by, and also represent, Merck.

The names of these individuals, William Krovatin and Paul Matukaitis, are highlighted in bold on page 5 of the proposed protective order. Plaintiffs believe that the request to include these individuals is reasonable, and in order to resolve this issue, they are willing to make these individuals available to the Court for questioning should the Court so desire.

I certify under D. Del. LR 7.1.1, counsel for Plaintiffs have made a reasonable effort to reach agreement with counsel for Defendants, but the parties have been unable to agree on this issue.

                                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                          */s/ Leslie A. Polizoti*

                                          Jack B. Blumenfeld (#1014)
                                          Karen Jacobs Louden (#2881)
                                          Leslie A. Polizoti (#4299)
                                          1201 N. Market Street
                                          P.O. Box 1347
                                          Wilmington, Delaware 19899
                                          (302) 658-9200
                                          *Attorneys for plaintiffs AstraZeneca AB,*
                                          *Aktiebolaget Hässle, KBI-E Inc., KBI Inc. and*
                                          *AstraZeneca LP*

OF COUNSEL:

Errol B. Taylor
Robert J. Koch
Jay I. Alexander
Enrique D. Longton
MILBANK, TWEED, HADLEY &
McCLOY LLP
1850 K Street NW
Washington, DC  20006
(202) 835-7500

February 23, 2007

749476.1

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to Richard D. Kirk.

I further certify that I caused to be served copies of the foregoing document on February 23, 2007 upon the following in the manner indicated:

**BY HAND & E-MAIL**

Richard D. Kirk (rkirk@bayardfirm.com)
Ashley B. Stitzer (astitzer@bayardfirm.com)
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE  19899

**BY E-MAIL**

Robert F. Green (rgreen@leydig.com)
David M. Airan (dairan@leydig.com)
Saumil S. Mehta (smehta@leydig.com)
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza
180 N. Stetson Avenue, Suite 4900
Chicago, IL  60601

*/s/ Leslie A. Polizoti*
lpolizoti@mnat.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, KBI-E, INC., KBI INC., and ASTRAZENECA LP,<br><br>    Plaintiffs,<br><br>  v.<br><br>DEXCEL LTD., DEXXON LTD., DEXCEL PHARMA TECHNOLOGIES, LTD., and CIPLA, LTD.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 06-358 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROTECTIVE ORDER ON CONFIDENTIALITY**

Plaintiffs AstraZeneca AB, Aktiebolaget Hassle, KBI-E Inc., KBI Inc. and AstraZeneca LP. (collectively "AstraZeneca"), defendants Dexcel, Ltd., Dexxon, Ltd., and Dexcel Pharma Technologies Ltd.,(collectively "Dexcel") by and through their undersigned counsel, hereby stipulate and agree that the following protective order ("Order" or "Protective Order") shall govern the use and handling of materials containing trade secrets and other confidential research, development and commercial information, and request that the Court enter this stipulated Order.

IT IS HEREBY AGREED AND ORDERED:

1. <u>Designation Of Protected Material</u>

  a. Any party (the "Producing Party") producing documents, things, information or other materials in this action ("Produced Material") for inspection or review by another party (the "Receiving Party") may designate as "Confidential" or "Confidential-Attorneys Eyes Only" pursuant to this Order any Produced Material that the Producing Party in good faith considers to be, reflect or reveal a trade secret or other confidential research,

development or commercial information in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential. Such materials may include, without limitation, all or any part of discovery materials exchanged by the parties or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, answers to deposition questions, and responses to requests for admission, which contains sensitive financial, patent, trademark, copyright, trade secret, marketing, consumer, research, regulatory or product development information, or any other document or thing containing other information of such a nature as to be protectable under Fed. R. Civ. P. 26(c)(7).

        b.     The Confidential-Attorneys Eyes Only designation shall be limited to the material identified in Paragraph 1.a. that contains or comprises sensitive financial, marketing, customer, clinical, regulatory, research, development, scientific or commercial information. However, for avoidance of doubt, all documents contained in a New Drug Application or Abbreviated New Drug application filed with the United States Food & Drug Administration, and all product samples exchanged between the parties, shall be designated as having no higher level of protection than "Confidential" under this Order.

        c.     All information designated as Confidential or Confidential-Attorneys Eyes Only, all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Protected Material." Notwithstanding such designation, Protected Material does not include information that:

        (1)     Was, is, or becomes public knowledge, not in violation of this Protective Order, as evidenced in writing;

        (2)     Is acquired by the Receiving Party in good faith from a third party not subject to this Protective Order, such third party being lawfully in possession of it and not under any restriction prohibiting the release of it;

2

        (3)    Was possessed by the Receiving Party in good faith from a source before receiving the materials designated as Protected Material, such source being lawfully in possession of it and not under any restriction prohibiting the release of it;

        (4)    Is discovered independently by the Receiving Party by means that do not constitute a violation of this Protective Order, as evidenced in writing; or

        (5)    Was, is, or becomes expressly released from being designated as Protected Material by the Producing Party or by order of the Court.

    2.    Labeling Of Protected Material

        a.    The designation of Protected Material for purposes of this Order shall be made in the following manner:

        (1)    With regard to written material (including transcripts of depositions or other testimony) and electronic images (such as TIFFs), a legend shall be affixed to each page substantially in the form, "Confidential" or "Confidential-Attorneys Eyes Only;" and

        (2)    With regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material in any suitable manner.

        b.    Materials described in Paragraphs 2.a(1) and (2) made available by a Producing Party for inspection without confidentiality legends shall be deemed to be Confidential-Attorneys Eyes Only until otherwise designated by the Producing Party.

        c.    Each transcript of any deposition shall be treated as Confidential-Attorneys Eyes Only in its entirety. Testimony about Protected Material of a Producing Party shall be deemed Protected Material disclosed by the Producing Party pursuant to this Protective Order. Within twenty (20) days after the deposition, any party may propose Confidential or

Non-Confidential designations by notifying all parties, in writing, of specific pages and lines of the transcript to be either Confidential or Non-Confidential.  The Confidential or Non-Confidential designations shall not take effect until all parties agree to such designations.  In the event of different designations for the same text, the parties will confer to reach agreement on the appropriate designation, as set forth in Paragraph 1 hereof, and may seek Court intervention if necessary to resolve any disagreement.  Until the issue is resolved, the transcript portions at issue shall be treated as the most restrictive designation made by anyone.

        3.        <u>Disclosure And Use Of Protected Material</u>  Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, a Receiving Party shall use Protected Material solely for purposes of this action and not for any other purpose, including, without limitation, any business or commercial purpose.  If a Receiving Party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of Protected Material, such Receiving Party shall promptly notify the Producing Party, and inform the persons seeking discovery in writing (with copy to the Producing Party and the Court) that providing the Protected Material would be a violation of this Protective Order.

        4.        <u>Qualified Persons</u>  A Receiving Party shall disclose Protected Material only to the following Qualified Persons, their clerical, support and secretarial staffs, patent agents, paralegals and assistants.  All rights, obligations and restrictions in this Protective Order shall apply to such Qualified Persons as if they were the Receiving Party.

        a.        U.S. outside counsel who represents a party in this action, and their firm members and associate attorneys (collectively, "Outside Counsel").

    b.    For AstraZeneca:

    (1)    The following in-house counsel are Qualified Persons for all Protected Material (*i.e.*, Confidential and Confidential-Attorneys Eyes Only):

> Katarina Ageborg
> Glenn Engelmann
> Karl-Erik Falk
> Christer Hallgren
> Marcus Heifetz
> William **Krovatin**
> Jenny Lidander
> **Paul Matukaitis**
> Jeffrey Pott

    (2)    The following are Qualified Persons only for Protected Material designated as Confidential (*i.e.*, not Confidential-Attorneys Eyes Only):

> Kurt Lövgren
> Frans W. Langkilde
> Kjell Jarring

    c.    For Dexcel:

    (1)    The following in-house counsel are Qualified Persons for all Protected Material (*i.e.*, Confidential and Confidential-Attorneys Eyes Only):

> Shirly Weiser
> Ruth Oren
> Mike Isaacson

    (2)    The following are Qualified Persons only for Protected Material designated as Confidential (*i.e.*, not Confidential-Attorneys Eyes Only):

> Dan Oren
> Avi Avramoff
> Valerie Azoulay
> Marina Ruderman

    d. Experts and third-party technical service contractors who are not present employees of any party to these actions, who are requested by Outside Counsel of the Receiving Party to furnish technical or expert services in connection with this litigation.

    e. Third-party contractors involved solely in providing litigation support services to Outside Counsel.

    f. The Court and its personnel.

    g. An officer or other person before whom a deposition is taken in these actions, including any stenographic reporter or videographer.

    h. Any other person agreed to by the parties to these actions or allowed by the Court.

  5. <u>Restrictions</u> Not Imposed By This Order

    a. This Order shall not restrict any Producing Party's use, for any purpose, of its own Protected Material.

    b. This Order shall not restrict any counsel who is a Qualified Person from rendering advice to the party he or she represents in these actions, and in the course thereof, from generally relying upon his or her examination of Protected Material. In rendering such advice, the attorney shall not disclose directly or indirectly the specific content of any Protected Material where such disclosure would not otherwise be permitted under the terms of this Order.

  6. <u>Notice</u> And Acknowledgement Of Order

    a. Every Qualified Person to whom Protected Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

   b. Before any disclosure of Protected Material is made to a Qualified Person pursuant to Paragraphs 4.b–4.c or 4.h, Outside Counsel for the Receiving Party shall: (a) provide the Qualified Person with a copy of this Protective Order; (b) explain its terms; and (c) obtain the Qualified Person's written agreement, in the form of Exhibit A hereto, to comply with and be bound by its terms.  All Qualified Persons to whom disclosure of Protected Material is intended shall confirm their understanding and agreement to abide by the terms of this Order by signing a copy of the acknowledgement attached as Exhibit A.  Except as modified below in Paragraph 7, copies of all executed acknowledgements shall be retained by the party procuring such acknowledgement and make same available to the other party upon request.

   7. Notification Of Intent To Disclose And Objections

   a. Before Protected Material is disclosed to a Qualified Person under Paragraph 4.d, the Receiving Party shall, at least ten (10) business days prior to such disclosure, notify the Producing Party in writing, of its intent to disclose Protected Material.  Such notification shall include the name, current address and employment affiliation (including job title, if any) of the Qualified Person to whom such disclosure is proposed.  The notification shall also include a copy of the signed acknowledgement made in conformance with Paragraph 6 of this Order and shall further include a current resume or curriculum vitae from the person.

   b. The notification and signed acknowledgement shall be delivered by hand, facsimile or electronic mail with confirmation by overnight courier.

   Notification to AstraZeneca shall be delivered to:

   Robert J. Koch
   Milbank, Tweed, Hadley & McCloy LLP
   1850 K Street, NW
   Suite 1100
   Washington, DC 20006
   Facsimile: (202) 263-7520
   rkoch@milbank.com

7

       Notification to Dexcel shall be delivered to:

       Robert F. Green
       Leydig, Voit & Mayer Ltd.
       Two Prudential Plaza
       180 N. Stetson Ave.
       Suite 4900
       Chicago, IL 60601
       Facsimile: (312) 616-5700
       rgreen@leydig.com

    c.  If a Producing Party receiving a notification of intent to disclose Protected Material believes in good faith that such disclosure of Protected Material would be injurious or prejudicial, it may object to the proposed disclosure by giving written notice of such objection to the Receiving Party seeking to make the disclosure. Such notice shall include the basis for the objection and shall be delivered in accordance with Paragraph 7.b within ten (10) business days of receipt of the notification of intent to disclose to which objection is made. If the Producing Party objects, the proposed disclosure shall not take place until the objection is resolved by agreement of the Producing Party or order of this Court. Failure to object within the time period set forth above shall be deemed a consent. If the objection cannot be resolved, either party may seek relief from the Court but the Producing Party shall have the burden of proof that the intended disclosure should not occur.

    8.  Examination Of Witnesses

    a.  Any current officer, director, employee or expert witness of a party may be examined at trial or upon deposition concerning any Protected Material of such party.

    b.  Any former officer, director or employee of a party may be examined at trial or upon deposition concerning any Protected Material of such party if the Protected Material existed at the time of that person's service or employment with such party or if it appears from the face of such material or from other documents or testimony, that such

8

person had previously lawfully generated or received such Protected Material or had such Protected Material communicated to him or her.

    c. Any other person may be examined as a witness at trial or upon deposition concerning any Protected Material which that person had lawfully generated, received or which was previously communicated to that witness. During examination or preparation therefore, any such witness may be shown Protected Material which appears on its face or from other documents or testimony to have been generated or received by that witness or communicated to that witness.

    9. Inadvertent Production Of Material

    a. If information subject to a claim of attorney-client privilege, attorney work product immunity or any other legal privilege protecting information from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the Producing Party or other person otherwise would be entitled, provided the Producing Party requests the return of such inadvertent production as soon as reasonably possible after learning of it.

    b. Upon a written claim of inadvertent production of any document (including, but not limited to, documents containing attorney-client privileged communications and work product immunity communications), the Receiving Party having custody of the inadvertently produced material shall return to the Producing Party that material and all copies or reproductions thereof of which that Receiving Party is aware in whatever form these materials exist, and that information may not be used for any purpose. The Receiving Party may subsequently move the Court for an Order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an Order the

fact or circumstances of the production; nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials may be requested.

     c. Inadvertent failure to designate any material which a Producing Party claims should be Protected Material will not be deemed a waiver of the right to make that designation. Upon notice of such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed Produced Material. No party shall be held in breach of this Order if, prior to notification of such later designation, such Produced Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The Receiving Parties shall return or certify the destruction of the undesignated Produced Material.

    10. <u>Obligations of Outside Counsel</u>  It shall be the responsibility of Outside Counsel to ensure strict compliance with the provisions of this Protective Order and to take reasonable and proper steps to ensure that all provisions thereof are made known to any person who shall examine Protected Material.

    11. <u>Pleadings</u>

     a. All papers, documents and transcripts containing or revealing the substance of Protected Material shall be filed "Under Seal" in accordance with the applicable rules of the Court and placed in sealed envelopes bearing the caption of the case and marked:

**CONFIDENTIAL<br>
SUBJECT TO PROTECTIVE ORDER IN<br>
CIVIL ACTION NO. 06-358-SLR AND<br>
NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT<br>
OR CONSENT OF THE PARTIES**

or similar markings as may be required by the Court.  Where possible, only those portions of documents containing Protected Material shall be filed in sealed envelopes.

    b. The Clerk of this Court is directed to maintain under seal all material filed in this Court in this litigation which have been marked or designated, in whole or in part, as "Confidential" or "Confidential-Attorneys Eyes Only" in accordance with this Order.  Copies of all such material filed with the Court prior to trial or received in evidence at the trial of this action, and any other materials falling within the terms of this Order which are so designated at trial or at the time of filing, shall be kept by the Clerk of the Court, until further Order of the Court.

    12. <u>Conclusion of the Action</u>  Within sixty (60) days after entry of a final judgment or dismissal with prejudice in these actions (including appeals or petitions for review) or the execution of a settlement agreement among all the parties finally disposing of all issues raised in these actions, all Receiving Parties having possession of a Producing Party's Protected Material shall, at the Receiving Parties' option, either:  (a) return all Protected Material and any copies thereof to the appropriate Outside Counsel who produced the Protected Material; or (b) destroy such Protected Material.  Each Receiving Party shall give written notice of such destruction to Outside Counsel for the Producing Party.  However, Outside Counsel who are trial counsel may retain one copy of all pleadings for archival purposes.

    13. <u>Contested Designations</u>  The good faith designation of material as Protected Material shall, without further proof, entitle such material to the protection of this Order.  A Receiving Party shall not be obligated to challenge the propriety of a Producing Party's designations of any Protected Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  If the Receiving Party disagrees with the designation of any Protected Material, the Receiving Party may, after conferring with the

11

Producing Party, make a request of the Court for an order removing such Protected Material from the restrictions of this Protective Order.

14. <u>Non-Waiver</u>  The production of Produced Material under the terms of this Order in response to a request by an opposing party shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy or admissibility of said Produced Material.  Nothing contained herein shall preclude any party from opposing any discovery on any basis.  Further, nothing in this Order constitutes an admission by any party that any specific item of Protected Material is a trade secret or otherwise confidential and proprietary to a party.

15. <u>Additional Parties</u>  If an additional party joins or is joined in these actions, the newly joined party shall not have access to Protected Material until all parties to these actions agree to a supplemental Protective Order governing the protection of Protected Material.

16. <u>Third Parties</u>  Any third party from whom discovery is sought in these actions may, in accordance with this Order, designate some or all of its production as Protected Material, and each Receiving Party will have the same rights, obligations and restrictions which that Receiving Party has with respect to the Protected Material of any other Producing Party.

17. <u>Attendance At Proceedings</u>  If a deposition concerns Protected Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with Paragraph 4 hereof to have access to such material.  All persons not authorized in accordance with Paragraph 4 hereof for access to Protected Material may be excluded from the trial and any hearings and conferences in these actions.

18. <u>Unauthorized Disclosure</u>  In the event of disclosure of any Protected Material to a person not authorized to have access to such material, the party responsible for

having made, and any party with knowledge of, such disclosure shall immediately inform Outside Counsel for the party whose Protected Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

        19.    <u>Termination</u> Of Access

        a.    In the event that any person or party ceases to be engaged in the conduct of these actions, such person's or party's access to Protected Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraph 12 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of these actions.

        b.    The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Protected Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

        20.    <u>Production Prior To This Order</u>  Documents or things produced in these actions prior to entry of this Order shall be considered *nunc pro tunc* to have been produced pursuant to the terms of this Order.

        21.    <u>Modification</u>  Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | THE BAYARD FIRM |
| _____ | _____ |
| Jack Blumenfeld, Esquire<br>Karen Jacobs Louden, Esquire<br>Leslie A. Polizoti<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200 | Richard D. Kirk, Esquire<br>Ashley B. Stitzer, Esquire<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>(302) 655-5000 |
| OF COUNSEL: | OF COUNSEL: |
| Robert J. Koch<br>Jay I. Alexander<br>Enrique D. Longton<br>Allison Fulton<br>MILBANK, TWEED, HADLEY<br>& McCLOY LLP<br>1850 K Street, NW, Suite 1100<br>Washington, DC 20006<br>(202) 835-7520 | Robert F. Green<br>David M. Airan<br>Saumil S. Mehta<br>Caryn Borg-Breen<br>LEDIG, VOIT & MAYER<br>Two Prudential Plaza<br>180 N. Stetson Avenue, Suite 4900<br>Chicago, IL 60601<br>(312) 616-5600 |
| Errol B. Taylor<br>Claire Gilmartin<br>MILBANK, TWEED, HADLEY<br>& McCLOY LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005-1413<br>(212) 530-5000 | Edgar H. Haug<br>FROMMER, LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, New York 10151<br>(212) 588-0800 |
| *Attorneys for Plaintiffs*<br>AstraZeneca AB, Aktiebolaget Hässle, KBI-E Inc., KBI Inc., and AstraZeneca, LP. | *Attorneys for Defendants*<br>Dexcel, Ltd., Dexxon, Ltd., Dexcel Pharma Technologies, Ltd. and Dexcel Pharma Technologies |

SO ORDERED:

Dated: _____                     _____
                                             Honorable Sue L. Robinson
                                             Chief Judge

14

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA AB,<br>AKTIEBOLAGET HÄSSLE,<br>KBI-E, INC., KBI INC., and<br>ASTRAZENECA LP,<br><br>          Plaintiffs,<br><br>          v.<br><br>DEXCEL LTD., DEXXON LTD.,<br>DEXCEL PHARMA TECHNOLOGIES,<br>LTD., and CIPLA, LTD.<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 06-358 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ACKNOWLEDGEMENT TO ABIDE BY THE PROTECTIVE ORDER**

      I, _____, declare that:

      1.    I have read the foregoing Protective Order entered as an Order of the United States District Court for the District of Delaware, in the actions entitled *AstraZeneca AB, et al. v. Dexcel, Ltd., et al.* Civil Action No. 06-358-SLR.

      2.    I understand and agree to be bound by the terms of this Protective Order.

      3.    I will hold in confidence and will not disclose to anyone who is not a Qualified Person under the Protective Order and will use only for purposes of this action, any Protected Material disclosed to me.

      4.    I will return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

      5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order.

2

_____
(Signature)

_____
(Printed Name)

_____
(Date)