IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, KBI-E, INC., KBI, INC. and ASTRAZENECA LP,<br><br>Plaintiffs,<br><br>v.<br><br>DEXCEL LTD., DEXXON LTD., DEXCEL PHARMA TECHNOLOGIES LTD. and CIPLA, LTD.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No. 06-358 (SLR) ) ) ) ) ) ) ) ) |

NOTICE OF FED.R.CIV.P. 30(b)(6) DEPOSITION OF
AND FED.R.CIV.P. 45 SERVICE OF SUBPOENA ON
JOHN M. GENOVA

TO:

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>Karen Jacobs Louden, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899 | Errol B. Taylor, Esquire<br>Robert J. Koch, Esquire<br>Jay I. Alexander, Esquire<br>Milbank, Tweed, Hadley & McCloy L.L.P.<br>1825 Eye Street, NW, Suite 1100<br>Washington, DC 20006 |

PLEASE TAKE NOTICE that defendant Dexcel Pharma Technologies, Ltd. will take the deposition of John M. Genova at Frommer Lawrence & Haug LLP, 745 Fifth Avenue, New York, New York 10151, commencing on March 30, 2007, at 12:00 p.m., or at such other place and time as may be agreed upon by counsel, and continuing from day to day thereafter until completed. The deposition will be recorded stenographically and may be videotaped. One or more of defendant's counsel may appear telephonically.

PLEASE ALSO TAKE NOTICE that Defendants are serving the deponent with a subpoena (the "Subpoena"), a copy of which is attached hereto. The Subpoena requires the

deponent to produce before the deposition the documents listed in Attachment A to the Subpoena.

You are invited to attend and cross examine.

| | |
|---|---|
| March 16, 2007 | THE BAYARD FIRM |
| | /s/ Richard D. Kirk (rk0922)<br>Richard D. Kirk (#922)<br>Ashley B. Stitzer (#3891)<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19899-5130<br>(302) 655-5000<br>Counsel for Defendants |
| OF COUNSEL:<br>Robert F. Green, Esquire<br>David M. Airan, Esquire<br>Saumil S. Mehta, Esquire<br>Leydig, Voit & Mayer<br>Two Prudential Plaza<br>180 N. Stetson Avenue, Suite 4900<br>Chicago, IL 60601<br>(312) 616-5000 | |
| Edgar H. Haug, Esquire<br>Dillon Kim, Esquire<br>Frommer Lawrence & Haug LLP<br>745 Fifth Avenue<br>New York, NY 10151<br>(212) 588-0800 | Michael F. Brockmeyer, Esquire<br>Elizabeth A. Leff, Esquire<br>Frommer Lawrence & Haug LLP<br>1667 K Street, NW<br>Washington, D.C. 20006<br>(202) 292-1530 |

Issued by the
# UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, KBI-E, INC., KBI INC., and ASTRAZENECA LP, <br> Plaintiffs, <br> v. <br> DEXCEL LTD., DEXXON LTD., DEXCEL PHARMA TECHNOLOGIES LTD., and CIPLA, LTD., <br> Defendants. | SUBPOENA IN A CIVIL CASE <br><br> Case Number: 06-358-SLR |

TO: John M. Genova
**White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Frommer Lawrence & Haug LLP <br> 745 Fifth Avenue <br> New York, NY 10151 | March 30, 2007, 12:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents listed or described in Appendix "A" hereto at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| Frommer Lawrence & Haug LLP <br> 745 Fifth Avenue <br> New York, NY 10151 | March 30, 2007, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Saumil Mehta   ATTORNEY FOR DEFENDANTS | March 15, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Saumil S. Mehta, Leydig, Voit & Mayer Ltd.
Two Prudential Plaza, Suite 4900, Chicago, IL 60601
(312)616-5600

652323-1

1

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

_____

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issues shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless command to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copying the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issues. If objection has been made, the part serving the subpoena may, upon notice of the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a part or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issues shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transactions business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the part in whose behalf the subpoena is issues shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assurances that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspondence with the categories in demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

652323-1                                          2

# APPENDIX A

## DEFINITIONS

A. "Plaintiffs" means Plaintiffs, ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, KBI-E, INC., KBI, INC. and ASTRAZENECA LP, their past or present officers, directors, employees, shareholders, representatives, agents, attorneys and outside consultants, as well as any past or present predecessors, successors, parents, subsidiaries, or affiliates thereof, whether domestic or foreign, whether owned in whole or in part.

B. "White & Case" means White & Case LLP and its past or present officers, directors, employees, shareholders, representatives, agents, attorneys and outside consultants, as well as any past or present predecessors, successors, parents, subsidiaries, or affiliates thereof, whether domestic or foreign, whether owned in whole or in part.

C. "the '251 application" means U.S. Patent Application 09/202,251.

D. "the '380 patent" means U.S. Patent No. 6,150,380, which issued from the '251 application.

E. "omeprazole Form A" means a form of omeprazole as defined by claim 1 of the '380 patent.

F. "omeprazole Form B" means a form of omeprazole as described in Col. 1 of the '380 patent.

## DOCUMENT REQUESTS

1. All documents evidencing, referring or otherwise relating to the prosecution of the '380 patent.

2. All documents evidencing, referring or otherwise relating to the prosecution of each and every U.S. and foreign patent and patent application related to the '380 by claim of

priority to PCT application No. PCT/SE98/02028, as well as any other U.S. Patent and Patent Applications relating to the foregoing by claim of domestic and/or foreign priority.

3. All documents evidencing, referring or otherwise relating to any Information Disclosure Statement filed with the United States Patent and Trademark Office during the prosecution of the '251 application.

4. All documents evidencing, referring or otherwise relating to the "analysis of batch samples" as stated in the Information Disclosure Statement dated April 28, 2000 and filed with the United States Patent and Trademark Office during the prosecution of the '251 application.

5. All documents evidencing, referring or otherwise relating to any communications concerning the Information Disclosure Statement dated April 28, 2000 and filed with the United States Patent Office during the prosecution of the '251 application.

6. All documents evidencing, referring or otherwise relating any communications concerning any Examiner Interviews conducted during the prosecution of the '251 application.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 16, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jack B. Blumenfeld, Esq.
Karen Jacobs Louden, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801

The undersigned counsel further certifies that, on March 16, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

Errol B. Taylor, Esq.
Robert J. Koch, Esq.
Jay I. Alexander, Esq.
Enrique D. Longton, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1850 K Street NW
Washington, DC 20006

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

627464-1